No. 34 January 24, 2024 247

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Dennis TYLKA,
*Petitioner,*

*v.*

CLACKAMAS COUNTY,
*Respondent.*

Land Use Board of Appeals
2022093; A182331

Argued and submitted November 6, 2023.

Andres Mulkey argued the cause for petitioner. Also on the brief was 1000 Friends of Oregon.

Caleb Huegel argued the cause for respondent. Also on the brief was Stephen L. Madkour.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Petitioner seeks judicial review of an order of the Land Use Board of Appeals (LUBA) upholding an order of the Clackamas County Board of Commissioners approving an application for a dwelling permit on a lot adjacent to the Salmon River and in a principal river conservation area (PRCA) within a River and Stream Conservation Area overlay zone, asserting that the order is legally flawed and is not supported by substantial evidence. We review LUBA's order for whether it is "unlawful in substance," ORS 197.850(9)(a), and for whether LUBA correctly applied the substantial evidence standard. *Stevens v. City of Island City*, 260 Or App 768, 772, 324 P3d 477 (2014). A LUBA order is unlawful in substance if it represents a mistaken interpretation of applicable law. *1000 Friends of Oregon v. Clackamas County*, 320 Or App 444, 452-53, 514 P3d 553 (2022). With respect to a substantial evidence challenge, "where LUBA properly articulates its substantial-evidence standard of review * * *, we will not reverse its determination unless there is no evidence to support the finding or if the evidence in the case is 'so at odds with LUBA's evaluation that a reviewing court could infer that LUBA had misunderstood or misapplied its scope of review.'" *Stevens*, 260 Or App at 772 (citing *Younger v. City of Portland*, 305 Or 346, 359, 752 P2d 262 (1988)). We conclude that LUBA's order is not unlawful in substance and is supported by substantial evidence, and we therefore affirm.

The subject property is located within a Recreation Residential (RR) zone and borders the Salmon River. The property is approximately 20,500 square feet and is bisected by a road. On the river side of the road, the lot is approximately 5,000 square feet. Clackamas County Zoning and Development Ordinance (ZDO) 316.03(A) allows a detached single-family dwelling as a permitted use in the RR zone. The disputed permit will allow construction of a dwelling on the river side of the road and a septic system on the other side of the road.

The proposed dwelling is in an area subject to ORS 197.307 (2019), which focuses on the development of needed housing. ORS 197.307 (2019) provides, in part:

"(1)   The availability of affordable, decent, safe and sanitary housing opportunities for persons of lower, middle and fixed income, including housing for farmworkers, is a matter of statewide concern.

"(2)   Many persons of lower, middle and fixed income depend on government assisted housing as a source of affordable, decent, safe and sanitary housing.

"(3)   When a need has been shown for housing within an urban growth boundary at particular price ranges and rent levels, needed housing shall be permitted in one or more zoning districts or in zones described by some comprehensive plans as overlay zones with sufficient buildable land to satisfy that need.

"(4)   Except as provided in subsection (6) of this section, a local government may adopt and apply only clear and objective standards, conditions and procedures regulating the development of housing, including needed housing. The standards, conditions and procedures:

"(a)   May include, but are not limited to, one or more provisions regulating the density or height of a development.

"(b)   May not have the effect, either in themselves or cumulatively, of discouraging needed housing through unreasonable cost or delay."

ORS 197.307(4) is among the provisions applicable to the development of the subject property and requires that "a local government may adopt and apply only clear and objective standards, conditions and procedures regulating the development of housing."

Clackamas County's zoning ordinance establishes setback requirements for development adjacent to the river, included the subject property. ZDO 704.04(A) provides:

"The following minimum setbacks shall apply to structures exceeding 120 square feet or 10 feet in height:

"A.   Structures *shall* be located a minimum of 100 feet from the mean high water line of a principal river. This minimum setback *may* be increased up to 150 feet from the mean high water line to lessen the impact of development. In determining the minimum setback, the following shall be considered:

"1.   The size and design of any proposed structures;

"2.   The width of the river;

"3.   The topography of the land between the site and the river;

"4.   The type and stability of the soils;

"5.   The type and density of existing vegetation between the site and the river;

"6.   Established recreation areas or areas of public access; and

"7.   Visual impact of any structures."

(Emphases added.)

The ordinance thus establishes a setback for structures of "a minimum of 100 feet from the mean high water line of a principal river," but provides that a setback may be increased "up to 150 feet from the mean high water line" to lessen the impact of development. The ordinance also requires that the minimum setback be determined under the criteria listed in ZDO 704.04(A)(1) to (7).

The applicant's site plan showed a setback for the proposed dwelling of 128 feet from the river, with a deck setback of 118 feet from the river. The county's planning director approved the application with a 128-foot setback from the mean high water line of the river. In adhering to the 128 foot setback, the planning director explained that, because the application was for a dwelling, ORS 197.307(4) required that only the "clear and objective" setback standard of "a minimum of 100 feet from the mean high water line of a principal river" set forth in the first sentence of ZDO 704.04(A) could apply, and that the county could not consider the "subjective" criteria listed in ZDO 704.04(A)(1) to (7), to extend the setback requirement to 150 feet.

Petitioner, a neighbor, disagreed with the 128-foot setback and requested a hearing, contending that a setback of 128 feet was not sufficient, because the criteria listed in ZDO 704.04(A)(1) through (7) required a setback of 150 feet.

The hearings officer upheld the planning director's approval of the application at the location proposed on the

site plan, with a setback of 128 feet from the river. The hearings officer's order quoted ZDO 704.04(A)(1) through (7). The hearings officer agreed with the planning director's determination that, because the proposed development is a dwelling, ORS 197.307(4) required application of only the 100-foot minimum setback, as a "clear and objective" standard:

> "I point here to the word 'shall' with respect to the minimum 100-foot setback, as opposed to the word 'may' with respect to considering an increased setback (a discretionary standard) beyond the 100-foot setback that 'shall' be imposed. The County correctly asserts that the 100-foot minimum setback is a clear and objective standard, whereas imposing a greater setback necessarily imposes a subjective analysis of the stated criteria. ORS 197.307(4) specifically provides that a local government (here, Clackamas County) may adopt and apply only clear and objective standards in regulating the development of housing. [ORS 197.307] supersedes Goal 5 and related provisions of the County's Comprehensive Plan to the extent such provisions allow the County to apply discretionary or subjective criteria rather than 'clear and objective' standards for housing development. Further, the County has in fact adopted a clear and objective standard that it is applying: the minimum setback of 100 feet from the mean high-water line of a principal river that 'shall' be required."

But despite concluding that the criteria of ZDO 704.04(A)(1) through (7) were "subjective," the hearings officer also made findings that addressed those criteria:

> "I also note with respect to this setback requirement that the proposal actually has a 128-foot setback from the mean high water mark of the Salmon River to the structure. This setback appears required by the topography of the site as there is persuasive and uncontradicted testimony concerning an escarpment or 'cliff' towards the river side leaving a buildable area that is roughly 61 feet deep on a lot that is 50 feet wide and 100 feet deep. [ZDO 704.04(A)(3) (topography)] The house shown on the application is 30 feet wide by 41 feet 6 inches deep and two stories tall, with a 10-foot deck off the back, built right up to the 10-foot side setbacks. Thus, the proposed house will be just under 2500 sq ft in size and is consistent in size with other single-family home development in the area. [ZDO 704.04(A)(1) (size and design)] With the required 20-foot setback to the

front property line, increasing the setback to the maximum 150 feet would effectively prohibit development of the site with a house that is consistent with the other single-family homes in the vicinity. There is no public access or established recreation areas at this location [ZDO 704.04(A)(6) (public access)], and no evidence that any of the other above-listed factors [ZDO 704.04(A)(2), (4), (5), (7)] would suggest requiring a greater setback than the required minimum 100 feet or the proposed 128 feet. Thus, after considering the above factors, I find requiring the minimum 100-foot setback sufficient to meet these criteria, and find that the proposal meets or exceeds this standard."

Petitioner appealed to LUBA, arguing that the county had erred in failing to determine that ZDO 704.04(A) required a setback of 150 feet. Petitioner argued that ZDO 704.04(A) is part of the county's comprehensive plan that, under ORS 197.175(2),[1] must be applied, irrespective of ORS 197.307(4). Petitioner argued that three of the criteria of ZDO 704.04 ((ZDO 704.04(A)(2) (width of river); ZDO 704.04(A)(3) (topography of the land between the site and the river); and ZDO 704.04(A)(5) (type and density of existing vegetation between the site and the river)), required a setback of 150 feet.

Petitioner also argued that the hearings officer improperly considered whether a setback of 150 feet would "prohibit development of the site with a house that is consistent the other single-family homes in the vicinity."

---

[1] ORS 197.175(2) provides:

"Pursuant to ORS chapters 195, 196 and 197, each city and county in this state shall:

"(a) Prepare, adopt, amend and revise comprehensive plans in compliance with goals approved by the commission;

"(b) Enact land use regulations to implement their comprehensive plans;

"(c) If its comprehensive plan and land use regulations have not been acknowledged by the commission, make land use decisions and limited land use decisions in compliance with the goals;

"(d) If its comprehensive plan and land use regulations have been acknowledged by the commission, make land use decisions and limited land use decisions in compliance with the acknowledged plan and land use regulations; and

"(e) Make land use decisions and limited land use decisions subject to an unacknowledged amendment to a comprehensive plan or land use regulation in compliance with those land use goals applicable to the amendment."

Petitioner asserted that, whether the house would be consistent with other single-family homes in the vicinity is not a criterion under ZDO 704.04(A), and that the hearings officer therefore erred in considering that criterion.

The county responded that the hearings officer's order shows that, despite the hearings officer's statement that ZDO 704.04(A) listed "subjective" considerations, the hearing officer nonetheless actually addressed the criteria listed in ZDO 704.04(A), including the lot's topography, ZDO 704.04(A)(3), the lack of established recreation areas, ZDO 704.04(A)(6), and the proposed house design, ZDO 704.04(A)(1), and concluded that they did not require a setback greater than 128 feet.

LUBA upheld the county's approval. LUBA did not address or decide whether ORS 197.307(4) prohibited consideration of the criteria of ZDO 704.04(A)(1) through (7). LUBA agreed with the county that the hearings officer's order shows that the hearings officer did in fact consider those criteria. Thus, LUBA rejected petitioner's contention that the hearings officer erred in failing to consider them. LUBA also held that the county's approval was supported by substantial evidence.

In his first assignment of error on judicial review, petitioner challenges LUBA's determination that the county adequately considered the criteria of ZDO 704.04(A) and contends that LUBA's order is not supported by substantial evidence.[2] Our reading of the hearings officer's order is consistent with LUBA's that, despite the hearings officer's statement that ORS 197.307(4) did not permit consideration of the "subjective" criteria of ZDO 704.04(A), the hearings officer did in fact consider them, specifically identifying several criteria and also stating that the other factors did not require a setback greater than 128 feet. The record supports LUBA's understanding of the hearings officer's order. Thus, we reject petitioner's contention in his first assignment that

---

[2] Petitioner's first assignment states: "LUBA's conclusion that the hearings officer 'in fact applied the subjective provisions' of ZDO 704.04(A)(1)-(7) is based on a misapplication of law and not supported by the facts in the record." In his first assignment petitioner combines various contentions that do not seem to fall within that assignment. We nonetheless address the arguments that are preserved.

the record requires a remand to the county for a more complete consideration of the criteria of ZDO 704.04(A).[3]

In his first assignment of error, petitioner continues to assert, as he did before LUBA, that the hearings officer also erred in noting that a setback of 150 feet would "prohibit development of the site with a house that is consistent with the other single-family homes in the vicinity," contending that ZDO 704.04(A) did not permit consideration of the size of other homes in the vicinity. As LUBA correctly reasoned in rejecting that argument, there is nothing in ZDO 704.04(A) that prohibited the county from considering whether the proposed dwelling would be consistent with surrounding homes. In fact, it is arguable that consistency with surrounding homes would be considered in addressing the size and design of the proposed structure, ZDO 704.04(A)(1), as well as its visual impact, ZDO 704.04(A)(7). Consideration of whether the proposed development would be consistent with surrounding homes is a plausible construction of ZDO 704.04(A), and we therefore conclude that LUBA did not err in deferring to the county's construction of the ordinance to permit consideration of whether the proposed dwelling would be consistent with surrounding homes. *See Siporen v. City of Medford*, 349 Or 247, 261, 243 P3d 776 (2010) (A local government's interpretation of its own land use standards will be affirmed if it is a plausible construction of the express language of the provision or provisions at issue.).

As noted, petitioner's first assignment of error on judicial review also includes a contention that LUBA's affirmance of the hearings officer's order is not supported by substantial evidence. He contends that substantial evidence, along with a proper consideration of the criteria in ZDO 704.04(A)(1) through (7), require the conclusion that a 150-foot setback would not prevent development of the site. He argues that LUBA erred in upholding the county's approval

---

[3] We agree with the county that petitioner failed to preserve before LUBA the contention that LUBA erred in affirming the county's approval because the hearings officer could not simply summarily address the remaining factors listed in ZDO 704.04(A) but was required to provide explicit factual discussion and analysis with respect each of the factors set out in ZDO 704.04(A). *See Willamette Oaks, LLC v. City of Eugene*, 295 Or App 757, 437 P3d 314, *rev den*, 365 Or 192 (2019) (preservation requirements apply to petitions for review from a LUBA order).

in light of the county's failure to address evidence that, before this application, the county had always required a 150-foot setback for properties adjacent to rivers and that the home *could* be built on the portion of the site that is across the road. The county responds that, the county having concluded that a setback of 128 feet was sufficient to lessen the impact of the development, there was no requirement for the county to also consider whether a further setback, to 150 feet, was required. LUBA concluded that substantial evidence supported the county hearings officer's order that a setback of 128 feet was sufficient to lessen the impact of development. We conclude that LUBA's order shows that it correctly applied the substantial evidence standard in its review of the hearings officer's order. *Younger*, 305 Or at 358 ("[W]here LUBA has properly understood and applied the 'substantial evidence' test of ORS 197.835(8)(a)(C), a reviewing court should affirm its order, notwithstanding the reviewing court's disagreement with LUBA as to whether the evidence is 'substantial.'"). We therefore reject petitioner's first assignment of error.

In his second assignment of error on judicial review, petitioner contends that "LUBA erred in concluding that petitioner had failed to challenge the hearings officer's application of ZDO 704.04(A) ***, and LUBA erred in failing to address petitioner's assignments of error that challeng[ed] the county's application of that provision." Petitioner's second assignment appears to repeat or follow from his first assignment of error, asserting that a remand is necessary in light of the county's failed application of ZDO 704.04(A). Having rejected petitioner's first assignment of error, we also reject the second assignment.

We now address petitioner's third assignment. ZDO 704.02(C) defines the "mean high water line" as "[t]he bank of any river or stream established by the annual fluctuations of water generally indicated by physical characteristics such as a line on the bank, changes in soil conditions, or vegetation line." Before LUBA, petitioner argued that, because the river meanders past the subject property, the mean high water line was required to be measured in more than one location, and that substantial evidence in the record fails to show that the mean high water line was

determined in more than one location. Petitioner argued, additionally, that the record does not show that the mean high water line was measured by a licensed hydrologist, that the county failed to make a determination as to the location of the mean high water line, and, further, that the county's determination of a mean high water line of 128 feet was not supported by substantial evidence. LUBA rejected the contentions, agreeing with the county that the hearings officer's conclusion regarding the location of the mean high water line was supported by the site plan and other materials in the record and that petitioner did not produce any evidence to undercut that evidence. LUBA further concluded:

> "Nothing in the definition of mean high water line requires its location to be established by a licensed hydrologist or by unnamed county personnel, or requires it to be established in more than one location relative to the river. Petitioner has not explained why the site plan and other applicant materials are not evidence of the line's location, or pointed to any evidence in the record that undercuts that evidence."

Petitioner's third assignment of error challenges LUBA's determination:

> "LUBA's conclusion that the county's definition of 'mean high water line' in ZDO 704.02(C) does not 'require it to be established in more than one location relative to the river' misinterprets and misapplies that provision of law. Moreover, LUBA misunderstood its standard of review, by failing to adequately address petitioner's assignment of error that the county's findings regarding the location of the mean high water line are inadequate and not supported by substantial evidence in the record."

As we understand petitioner's assignment, he contends that LUBA erred as a matter of law in concluding that ZDO 704.02(C) does not require that, when a river meanders, the mean high water line must be measured from more than one location. We agree with LUBA that the requirement for measurement of the mean high water line at more than one location does not appear in ZDO 704.02(C); thus petitioner has not established legal error.

Petitioner further challenges LUBA's determination that the county's order was supported by substantial

evidence, specifically with reference to evidence of the mean high water line of the river. We review LUBA's order to determine whether it correctly applied the substantial evidence standard. *See Younger*, 305 Or at 358 (stating standard). Our review of LUBA's order leads us to conclude that LUBA correctly understood its role in conducting its review for substantial evidence. We therefore reject petitioner's third assignment of error.

Affirmed.